UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVID WAITON,<br>Plaintiff,<br>v.<br>KERRI POST, et al.,<br>Defendants. | Case No. 13-cv-02439-JST (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at the Main Adult Detention Facility in Santa Rosa, California, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon

1  which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although
2  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
3  obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and
4  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
5  Factual allegations must be enough to raise a right to relief above the speculative level." Bell
6  Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint
7  must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

8  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
9  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
10  the alleged violation was committed by a person acting under the color of state law. West v.
11  Atkins, 487 U.S. 42, 48 (1988).

12  B.  Legal Claims

13  Plaintiff alleges that defendant California Highway Patrol ("CHP") Officer Maxine Guyer
14  purposefully ran over plaintiff with her car. Plaintiff was a pedestrian. Plaintiff does not provide
15  the location or date of the incident. Plaintiff further alleges that defendant CHP Officer Brian
16  Wood prepared a fraudulent report about the incident, and that CHP Supervisor Kerri Post failed
17  to adequately investigate the incident. Plaintiff also alleges that defendant County of Sonoma
18  failed to adequately provide a safe environment for its citizens insofar as the shoulder of the road
19  he was walking on during the incident was "inadequate."

20  Although plaintiff's allegations are serious, they fail to state a claim upon which relief may
21  be granted under § 1983. Specifically, plaintiff has not alleged how these alleged acts violated his
22  federal constitutional or statutory rights. Plaintiff may be able to bring a claim for negligence or
23  intentional torts against the named defendants in the state courts.

24  Plaintiff also names as a defendant Darcy Drew ("Drew"), whom plaintiff identifies as an
25  insurance agent of the American Automobile Association. Plaintiff's claim against Drew cannot
26  proceed under 42 U.S.C. § 1983, because private individuals and entities do not act under color of
27  state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640
28  (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts

1  v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim under § 1983.

The Clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

**IT IS SO ORDERED**.

Dated:  August 26, 2013

_____
JON S. TIGAR
United States District Judge