UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVID WAITON,<br>    Plaintiff,<br>    v.<br>KERRI POST, et al.,<br>    Defendants. | Case No. 13-cv-02439-JST (PR)<br><br>**ORDER VACATING ORDER OF DISMISSAL; REOPENING CASE; DIRECTING PLAINTIFF TO AMEND COMPLAINT; DIRECTIONS TO CLERK** |

    Plaintiff, an inmate at the Main Adult Detention Facility in Santa Rosa, California, filed this pro se civil rights action under 42 U.S.C. § 1983. In his complaint, plaintiff alleged that defendant Doris Maxine Guyer purposefully ran over plaintiff with her car. Plaintiff was a pedestrian. Plaintiff further alleged that defendant California Highway Patrol ("CHP") Officer Brian Wood prepared a fraudulent report about the incident, and that CHP Supervisor Kerri Post failed to adequately investigate the incident. Plaintiff also alleged that defendant County of Sonoma failed to adequately provide a safe environment for its citizens. Finally, plaintiff named as a defendant Darcy Drew, whom plaintiff identified as an insurance agent for the American Automobile Association. The Court dismissed the complaint and entered judgment on August 27, 2013 because plaintiff had not stated how these alleged acts violated his federal constitutional or statutory rights.

    After the action was dismissed, plaintiff filed a letter with the Court dated September 4, 2013 that persuades the Court that the dismissal order and judgment should be vacated and the case should be reopened. Specifically, plaintiff states in his letter that CHP Officers Brian Wood and Kerri Post "conspired to prevent a proper report" of the incident and that the CHP "purposely refused to provide a police report." Plaintiff alleges that these acts prevented plaintiff from

recovering damages, in his "case," which the Court presumes means a civil case that plaintiff brought arising out of the incident. Finally, plaintiff states that CHP Officers Brian Wood and Kerri Post made threats to an attorney that plaintiff retained to help him recover damages from the incident, which threats caused the attorney to "quit."

Such allegations, if true, could mean that defendants CHP Officers Brian Wood and Kerri Post violated plaintiff's constitutional right of access to the courts. A prisoner's constitutional right to litigate without interference means that "aside from their affirmative right to the tools necessary to challenge their sentences or conditions of confinement, prisoners also have a right, protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process, 'to pursue legal redress for claims that a have a reasonable basis in law or fact.'" Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (internal citation omitted). "Recognition of the constitutional right of access to the courts . . . has from its inception been applied to civil as well as constitutional claims." Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir. 1986). To state such a claim a plaintiff must allege an "actual injury" to court access, which consists of some specific "instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 350-55 (1996). Only if an actual injury is alleged does a plaintiff state a claim for which relief can be granted. See id.

Plaintiff's showing is insufficient to establish actual injury. It is not enough for plaintiff merely to assert that the defendant CHP officers prevented him from recovering damages. Plaintiff has not identified the specific acts of the defendant CHP officers or how those acts actually prevented him or will prevent him from pursuing a civil action for damages. Plaintiff will be given leave, however, to amend his complaint to allege facts that cure the noted pleading deficiencies.

Plaintiff's claims against defendants Doris Maxine Guyer, Darcy Drew, and Sonoma County remain subject to dismissal for the reasons given in the Court's Order of Dismissal of

August 27, 2013 (dkt. no. 7.)[1]  Specifically, plaintiff's claims against Doris Maxine Guyer and Darcy Drew cannot proceed under 42 U.S.C. § 1983 because private individuals and entities do not act under color of state law, an essential element of a § 1983 action.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Plaintiff's claims against Sonoma County cannot proceed because plaintiff has not alleged how this defendant violated his federal constitutional or statutory rights.

For the foregoing reasons and for good cause shown,

The August 27, 2013 Judgment and Order of Dismissal, filed and entered in this matter, are hereby VACATED.

Within **twenty-eight (28)** days of the date this order is filed, plaintiff shall file an amended complaint.  The amended complaint must include the caption and civil case number used in this order (No. C 13-2439 JST (PR)) and the words COURT-ORDERED AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.</u>  If plaintiff needs more time to file the amended complaint, he may file a motion for an extension of time that shows good cause for the requested extension.  Such a motion must be filed before the deadline for the amended complaint.

In his amended complaint, plaintiff must specify: (1) the location and date of the alleged car crash; (2) whether his arrest arose out of the alleged car crash incident or surrounding events; (3) whether there are any charges pending from the alleged car crash incident; (4) whether he litigated a claim for damages arising out of the alleged car crash incident; (5) if he did litigate a claim, the result of that litigation; (6) the name of the attorney who "quit" and the the threats that defendant CHP officers allegedly made to that attorney; (7) the alleged fraudulent statements made in the incident report; (8) when and how the CHP denied plaintiff a copy of the incident report or other "police report"; (9) how any such reports were necessary for plaintiff to access the

---

[1] While the Court's August 27, 2013 Order of Dismissal idenitified Doris Maxine Guyer as a CHP officer, plaintiff has clarified that this defendant is a private citizen and not a CHP officer.

courts. Sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Finally, the complaint does not adequately allege any conspiracy liability because the conspiracy allegations are mere conclusions. Conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989). "'A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.'" See Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999) (citation omitted). A civil plaintiff "must show that the conspiring parties reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." Id. (internal citation and quotation marks omitted). A conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983, but may "enlarge the pool of responsible defendants by demonstrating their causal connections to the violation." Lacey v. Maricopa County, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). In his amended complaint, plaintiff may attempt to plead conspiracy-based liability for his claims but must provide non-conclusory allegations sufficient to state a claim based on conspiracy-based liability. As to each conspiracy he alleges existed, he should explain the role of each defendant in the conspiracy. He needs to allege with particularity who made an agreement with whom, when the agreement was made, what the agreement was, and what the purpose of the agreement was. He also needs to identify the role of each individual defendant in the conspiracy-based claim.

It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4

1  The Clerk shall reopen the file.

2  The Clerk is further directed to terminate Doris Maxine Guyer, Darcy Drew and Sonoma
3  County as defendants on the court docket.

4  **IT IS SO ORDERED.**

5  Dated: October 16, 2013



JON S. TIGAR
United States District Judge