UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVID WAITON,<br>Plaintiff,<br>v.<br>KERRI POST, et al.,<br>Defendants. | Case No.  13-cv-02439-JST (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at the Main Adult Detention Facility in Santa Rosa, California, filed this pro se civil rights action under 42 U.S.C. § 1983.  The complaint was dismissed with leave to amend, and plaintiff filed a timely amended complaint.  The Court now reviews the amended complaint and dismisses it for failing to correct the deficiencies in the original complaint.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Original Complaint**

In his original complaint, plaintiff alleged that defendant Doris Maxine Guyer, a private citizen, purposefully ran over plaintiff with her car. Plaintiff was a pedestrian. Plaintiff further alleged that defendant California Highway Patrol ("CHP") Officer Brian Wood prepared a fraudulent report about the incident, and that CHP Supervisor Kerri Post failed to adequately investigate the incident. Plaintiff also alleged that defendant County of Sonoma failed to adequately provide a safe environment for its citizens. Finally, plaintiff named as a defendant Darcy Drew, whom plaintiff identified as an insurance agent for the American Automobile Association. The Court dismissed the complaint and entered judgment on August 27, 2013 because plaintiff had not stated how the alleged acts violated his federal constitutional or statutory rights.

After the action was dismissed, plaintiff filed a letter with the Court dated September 4, 2013 that persuaded the Court that the dismissal order and judgment should be vacated and the case should be reopened. Specifically, plaintiff stated in his letter that CHP Officers Brian Wood and Kerri Post "conspired to prevent a proper report" of the incident and that the CHP "purposely refused to provide a police report." Plaintiff alleged that these acts prevented him from recovering damages, in his "case," which the Court presumed meant a civil case that plaintiff brought arising

2

1  out of the incident.  Finally, plaintiff stated that CHP Officers Brian Wood and Kerri Post made
2  threats to an attorney that plaintiff retained to help him recover damages from the incident, which
3  threats caused the attorney to "quit."

4       In its Order of October 16, 2013, the Court found that based on such allegations, plaintiff
5  might be able to allege a violation of his constitutional right of access to the courts as against CHP
6  Officer Brian Wood and CHP Supervisor Kerri Post ("CHP defendants").  The Court found that
7  plaintiff's claims against the remaining defendants remained subject to dismissal, and they were
8  thus terminated from the action.

9       Plaintiff was advised that to state a claim for denial of access to the courts a plaintiff must
10 allege an "actual injury," which consists of some specific "instance in which an inmate was
11 actually denied access to the courts."  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989),
12 overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 350-55 (1996).  It was explained to
13 plaintiff that it is not enough merely to assert that the CHP defendants prevented him from
14 recovering damages.  Plaintiff needed to identify the specific acts of the CHP defendants and how
15 those acts actually prevented him or will prevent him from pursuing a civil action for damages.
16 Plaintiff was given leave to amend his complaint to allege facts that cured the noted pleading
17 deficiencies.

18      Plaintiff was specifically directed to identify in his amended complaint: (1) the location
19 and date of the alleged car crash; (2) whether his arrest arose out of the alleged car crash incident
20 or surrounding events; (3) whether there are any charges pending from the alleged car crash
21 incident; (4) whether he litigated a claim for damages arising out of the alleged car crash incident;
22 (5) if he did litigate a claim, the result of that litigation; (6) the name of the attorney who "quit"
23 and the threats that the CHP defendants allegedly made to the attorney; (7) the alleged fraudulent
24 statements made in the incident report; (8) when and how the CHP denied plaintiff a copy of the
25 incident report or other "police report"; and (9) how any such reports were necessary for plaintiff
26 to access the courts.

27 **C.  Amended Complaint**

28      Plaintiff filed his amended complaint on December 31, 2013.  Plaintiff failed to provide a

single one of the nine pieces of information, listed above, that he was specifically instructed to identify. The amended complaint contains the same conclusory allegations that the CHP defendants somehow prevented plaintiff from recovering damages. For example, plaintiff states:

> CHP Brian Wood and Kerri Post did write a fraudulent CHP report (CHP 1206039 and CHP 1208039) which claimed that plaintiff, a pedestrian was 10090 at fault with an assault, via automobile[,] by Doris Maxine Guyer. This resulted in denying plaintiff access to the courts, and his due process.

(Amended Compl. at 1.) Elsewhere in the complaint, plaintiff states:

> [I]f CHP Wood and Kerri Post had taken pictures at the scene, this would have shown the negligent walking shoulder that plaintiff, facing traffic, had a right to use and enjoy. All of these actions by CHP Brian Wood [and] Kerri Post were done with the specific intent to deprive plaintiff of monetary damages in civil court.

(Id. at 3.)

The amended complaint is insufficient to establish actual injury. Consequently, plaintiff still does not allege a claim for denial of access to the courts, nor any other cognizable claim for relief. Accordingly, the action will be dismissed.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED because the amended complaint fails to state a cognizable claim for relief. Further leave to amend will not be granted because the Court already has explained to plaintiff the specific deficiencies in his pleading, and he has been unable or unwilling to correct them.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 2, 2014

_____
JON S. TIGAR
United States District Judge